Colcock, J.,
dissented, as follows:
On the first ground, it is only necessary to observe, that the defendant did not purchase a present interest, and was not in possession under his deed. A witness said, he was living with his mother-in-law, though he planted differently. This, however, would only be by courtcsey. He therefore could not have been evicted. But if he had been in possession under the deed, in a case determined in the Constitutional Court, at the January sitting, 1812, Furman v. Elmore,[1] it was decided, that upon an action brought to recover the value of a tract of land, the deficiency might be pleaded, ^although the defendant had not been disturbed in his possession.
The determination of the second ground depends on the construction of the deed, principally; and although it is a very singular one, yet, I think, it conveys, and was intended to convey, the vested remainders of the three daughters, and not merely his (the plaintiff’s) claim. In the first part of the deed, the grantor says, “ he has granted, bargained, and sold unto Wm. Mays, all his right and title.” In a subsequent part of it, he says, “ he relinquishes all his own claim, as well as that of Mrs. Rebecca Beams and Joseph Eddins;” and in the conclusion, he binds himself, his heirs, executors, and administrators, to defend to the said Wm. Mays, his heirs, executors, administrators and assigns, the said three shares to the said tract of land. As to the knowledge of the facts on which the claim rested, I will observe, that this cannot affect the question ; but if it can, it will be observed, that Beams, the husband, proved that his wife and himself had signed a paper, the purport of which he believed to be an order on the executors, to pay Earrow their share of the money that should arise from the sale of the land, they having received satisfaction therefor; so that the positive proof goes to show, that Ear-row was endeavoring to get a legal title in himself, and did intend to convey the whole interest.
The last ground is the only one which caused any doubt in my mind. But I think, according to the uniform practice of our Courts, the defendant was at liberty, under the general issue, to give in evidence the failure *191 of consideration. The general position cannot be denied. Here the defendant acknowledged himself satisfied with his title, received from the plaintiff for one share, (Mrs. Eddins’s as I supposed on the trial below,) and so far, the contract was complete, and at an end. The shares had been purchased at $300 each, and the note was for the amount of two. Two of them could not be conveyed, and therefore with them, and them only, it was contended, that the consideration* had failed. The parties then stood upon the same footing, as if the contract had been originally for only two shares. Suppose, instead of three shares to a tract of land, three negroes had been purchased at $300 each, and the defendant had paid for one of them, and got a bill of sale, and afterwards ascertained that two of them were diseased, and he were sued on his note for $800, which had been given for the two so diseased ; would he not have been permitted to give in evidence the failure of the consideration ? I have no doubt, many such cases have occurred.
M’Duffie, for the motion. Butler and Brooks, contra.
But what are the objections ? First, it is said the defendant cannot give in evidence a part failure on a contract; because, if he had paid the whole money, and wished to recover back on the ground of failure in the consideration, he could not bring assumpsit, but must bring covenant; thereby assuming the position, that nothing could be given in evidence under the general issue in assumpsit, which would not be the foundation of an action of assumpsit. But is not this at once controverted by the daily practice of our Courts, and I may say, I think the Courts of England ? Suppose the whole consideration had failed, and plaintiff had held defendant’s note for $900, and had sued on that note; could it be denied that the failure of consideration, as to the whole, could be given in evidence ? I presume not. Yet, if the defendant had first sued, he must have brought an action of covenant.
“ In assumpsit, almost every matter may be given in evidence on the general issue, non assumpsit, on the ground, it is said, that the action is founded on the contract, and the injury is the non performance of it, evidence which disaffirms the obligation of the contract, at the time when the action was commenced, goes to the gist of the action 1 Chitty’s Pleadings, 465. But the truth I take to be this, that when the Courts saw, that this was an effective method of doing justice to parties, and saving a great deal of expense and litigation, it became a general rule. But it was contended, that justice cannot be done in this way; for this verdict *could not be pleaded in bar, or given in evidence in an action brought on the covenant by defendant, after a verdict in his favor in this action. I entertain no doubt but that it could. It is an action between the same parties ; it is a former recovery. It is said, that on the face of the proceedings, it would not appear to have related to the contract ; but this could have been supplied by parol evidence; and it frequently occurs in pleading a former recovery, that parol evidence must be adduced. What is the consequence of granting the plaintiff’s motion ? The defendant is turned round to another action, upon what, at most, can only be considered a technical objection.
I am therefore against the motion.

 2 N. & McC. 189, note.